UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOSEPH RHINEHART,

Plaintiff,

v.

A. HEDGPETH, et al.,

Defendants.

Case No. 15-cv-01699-JST (PR)

**ORDER OF SERVICE AND PARTIAL DISMISSAL**

Plaintiff, a prisoner at California State Prison–Los Angeles County has filed a pro se complaint under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison (SVSP), he was subjected to a racially discriminatory lockdown. He has paid the filing fee.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The complaint alleges the following:  On May 11, 2012, all black prisoners at SVSP, including plaintiff, were placed on lockdown or "modified program" because of a threat made against a correctional officer.  As a result, plaintiff was confined to his cell and lost all privileges.  Non-black inmates were not placed on modified program.  The lockdown was approved by former SVSP Warden A. Hedgpeth and ordered by SVSP Captain Asuncion.  When liberally construed, these allegations are sufficient to state cognizable claims against defendants Hedgpeth and Asuncion for the violation of plaintiff's rights under the Equal Protection Clause.

Plaintiff also alleges a separate claim against SVSP Captain R. Parin regarding a decision to move plaintiff to a higher custody level in April 2014.  This claim is DISMISSED without prejudice because it is unrelated by fact or law to the first claim.  Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact.  Coughlin v. Rogers, 130 F.3d 1348, 1350-

1   51 (9th Cir. 1997).  If plaintiff wishes to pursue relief for his claim regarding a change in custody

2   level, he must file a separate civil rights action.

## CONCLUSION

For the foregoing reasons,

1. The claims described above against defendants Hedgpeth and Asuncion are, when liberally construed, cognizable.  Plaintiff's claim against defendant Parin is DISMISSED without prejudice.  The Clerk shall terminate defendant Parin from the docket in this action.

2. As plaintiff is not proceeding IFP in this action, he may not rely on the United States Marshal or officers of the Court for service.  Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Plaintiff is therefore responsible for service of defendants Hedgpeth and Asuncion.  The Clerk shall issue a summons to plaintiff for former SVSP Warden A. Hedgpeth and SVSP Captain Asuncion and send plaintiff two copies of the complaint with attachments and three copies of this Order.  Plaintiff shall serve the summons, a copy of the complaint with attachments and a copy of this Order on defendants Hedgpeth and Asuncion within **56 days** of this Order.  Plaintiff is also directed to file proofs of service of the summons and complaint on defendants within **56 days** of this Order, or show good cause for the failure.  **Failure to comply will result in the dismissal of any unserved defendants.**  See Fed. R. Civ. P. 4(l), 4(m).

The Clerk shall also mail a courtesy copy of the complaint and this Order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **147 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to

exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any

4

"factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: August 5, 2015

_____
JON S. TIGAR
United States District Judge